the presiding Commissioners, delivered the decision of the Court:
 

 BY THE COURT.
 

 Having considered the evidence, and arguments adduced by the Counsel for the petitioners, and respondents, we are of opinion, that there is not sufficient cause to admit the appeal of the petitioners, from the decree of the Court of Admiralty, in the State of
 
 South Carolina,
 
 condemning the Sloop Chester, her Apparel, and Cargo. If the appeal
 
 *42
 
 should be admitted, it must be on this principle, that there had been such irregularities in the proceedings, as that justice and right required, that the cause should be re-heard, in order to do that justice here, which had not been done in the Court below. The irregularity suggested is, that the captors did not bring, or send, the matter of the captured vessel, in order to be enquired of touching the property, &c. nor produce the documents mentioned by the matter, in his protest; and that, for want thereof, a condemnation had taken place. However blamable the captor may have been, in omitting to send, or bring the master before the Admiralty Court, and in not producing those documents, such omission alone is not sufficient to set aside the decree and re-hear the cause, unless it appeared that substantial justice has been thereby prevented. In this case, upon an examination of all the evidence produced, it appears that the condemnation of the Sloop
 
 Chester
 
 must have taken place, if the same evidence had been offered in the Admiralty Court.
 
 Peter Theodore Vantylengen
 
 appears to have been a merchant in a
 
 British
 
 settlement, on the
 
 Bay
 
 of Honduras; not barely having a transient residence, but carrying on trade from that settlement, like other inhabitants. It is not material to whom his natural allegiance was due; he was enjoying the privileges, and subject to the inconveniences of other merchants, residing in the same place. The Sloop
 
 Chester
 
 appears to have been a
 
 British
 
 vessel, possefied of
 
 British
 
 papers, purchased by
 
 Vantylengen,
 
 and employed by him; and although he might have executed the Bill of Sale of her, to certain subjects of the
 
 United
 
 Netherlands, with whom the
 
 United States
 
 were at peace and amity, for the purpose, as he expresses it, of preventing her being taken, such a transfer cannot be considered as
 
 bona fide
 
 ; but, from the tenor of the instructions of said
 
 Vantylengen,
 
 to the master of the Sloop, that transfer appears to have been intended merely to deceive and cover, under the name of a friend, property which ought to be considered as that of an enemy. Examining the protest made by the master of the Sloop
 
 Chester,
 
 it does not appear, that he was prevented by the captors from going to
 
 Charleston
 
 ; but on the contrary, his going on shore at
 
 St. Eustatia,
 
 upon the privateer’s leaving that place, seems to have been in consequence of his own solicitation. For these reasons, the Court do not admit the appeal of the petitioners. And, it is considered by the Court, that the petition be dismissed ; but as some irregularities, on the part of the captors, have given colour to the petition, the Court do not award costs to the respondents.